[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-17249
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 22, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-20601-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID ANDERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 22, 2009)

Before CARNES, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Defendant-Appellant David Anderson appeals his 210-month sentence for

possessing with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A)(iii) and 18 U.S.C. § 2. On appeal, Anderson argues that his sentence is substantively unreasonable. After review, we affirm.

## I. BACKGROUND

A grand jury indicted Defendant Anderson and four co-defendants: Eulices Soto, Christian Soto, Veronica Ramos, and Christian Gaviria. Anderson pled guilty to Count Six of the indictment, which charged that he possessed with intent to distribute 50 grams or more of cocaine base.

According to the presentence investigation report ("PSI"), a confidential source negotiated with Eulices Soto and Ramos several purchases of crack cocaine. Defendant Anderson accompanied Ramos to a meeting, where Ramos sold the confidential source 50.1 grams of crack cocaine. Defendant Anderson told the confidential source that he had "cooked" the crack cocaine.

The PSI recommended a base offense level was 30, pursuant to U.S.S.G. § 2D1.1(a)(3). The PSI then noted that Defendant Anderson previously had been convicted of two felonies involving violence,[1] characterized Anderson as a career

---

[1]According to the PSI, Defendant Anderson had two prior felony convictions for aggravated assault and battery on a law enforcement officer. Anderson also had two prior felony convictions for possession of cocaine, oxycodone, and alprazolam.

offender pursuant to § 4B1.1(a), and thus increased his offense level to 37. After a three-level reduction for acceptance of responsibility, Anderson's total offense level was 34. Based on this total offense level of 34 and a criminal history category of VI, Anderson's advisory guidelines range was 262 to 327 months. Anderson did not object to the PSI's calculations.

Defendant Anderson filed a sentencing memorandum requesting a downward variance from the advisory guidelines range. Anderson argued that the factors listed in 18 U.S.C. § 3553(a) warranted a downward variance and reasoned that a 10-year sentence was appropriate. Anderson claimed that injuries suffered after a gang attack in high school caused him to abuse drugs, that his role in the drug offense was insignificant, and that he was less culpable than his co-defendant, Eulices Soto, who received a 210-month sentence.

At sentencing, Defendant Anderson reiterated his request for a downward variance and called several witnesses to speak on his behalf.[2] Anderson's attorney then re-emphasized that, based on Anderson's offense conduct compared to Eulices Soto's, a sentence within the guidelines range would be unreasonable. Last, Anderson personally apologized to his family, the court, and the government.

---

[2]First, Anderson called his former attorney, Ralph Hagans, to speak about his prior battery convictions. According to Hagans, Anderson's altercations with police officers that led to his prior convictions were a result of Anderson attempting to defend himself against the officers. Hagans stated that Anderson had a drug problem and needed further treatment. Next, Anderson called his father, mother, and brother-in-law. Each stated that Anderson had accepted responsibility for his actions, wanted to clean up his life, and had the support of his family.

The district court acknowledged that Anderson had two prior felony convictions: (1) aggravated assault and battery on a law enforcement officer and resisting or obstructing with violence and (2) resisting an officer with violence and battery on a law enforcement officer. The district court also noted that Anderson had a history of drug offenses and that Eulices Soto had no criminal history. The district court explained that it "pays particular emphasis to [Anderson's] criminal history in determining the weight to give the 3553 factors vis-a-vis the weight to give to the advisory guidelines." "The Court [] considered the statements of all the parties, the presentence report which contains the advisory guidelines as well as the statutory factors set forth in 18 United State Code, Section 3553(a)[,] and[,] with particular emphasis on the defendant's criminal history which does qualify him as a career offender and, of course, any criminal history in th[e] Court's mind is serious," the district court granted Anderson a downward variance from the 262- to 327-month advisory guidelines range and sentenced Anderson to 210-months' imprisonment.

Anderson appealed.

## II. DISCUSSION

Anderson argues that his 210-month sentence is substantively unreasonable because it created an unwarranted sentencing disparity between himself and his co-

defendants, whom he asserts are more culpable.[3] Anderson asserts that he should have not received the same sentence as his co-defendant, Eulices Soto, and notes that Ramos, whom he alleges received a 57-month sentence, was more culpable than him.[4]

Reasonableness review is deferential and the "the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). One of the § 3553(a) factors that a district court consults when determining a reasonable sentence is "the need to avoid unwanted sentence disparities among defendants with similar records who have been found guilty of similar conduct." See 18 U.S.C. § 3553(a)(6).[5] "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." United States v. Clay, 483 F.3d 739, 743

---

[3]We review the reasonableness of a sentence under an abuse-of-discretion standard. Gall v. United States, 552 U.S. __, 128 S. Ct. 586, 597 (2007).

[4]The government argues that Anderson waived his disparity argument with respect to Ramos because he is raising it for the first time on appeal. We do not address the government's claim because we find no merit in Anderson's argument regarding Ramos in any event.

[5]The other § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; and (9) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

(11th Cir. 2007). Moreover, a district need not discuss each factor. Talley, 431 F.3d at 786. "[A]n acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient." Id. "[O]rdinarily, [this Court] would expect a sentence within the Guidelines range to be reasonable." Id. at 788.

Anderson has not carried his burden to show that the district court abused its discretion in imposing this 210-month sentence, which is below the advisory guidelines range of 262 to 327 months. Anderson's argument that there is an unwarranted disparity between his sentence and Eulicies Soto's or Ramos's sentence is without merit because he has not shown that he is similarly situated to either Eulices Soto or Ramos. The record affirmatively reflects that Eulices Soto had no criminal history. And Anderson has not come forward with any evidence that Ramos had a criminal history comparable to his own. Because Anderson's sentence reflected, at least in part, his own significant criminal history, he has failed to show that any disparity between the sentences is unwarranted.

**AFFIRMED.**